FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 05, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HER MAJESTY THE QUEEN IN RIGHT OF CANADA AS REPRESENTED BY THE MINISTER OF AGRICULTURE AND AGRI-FOOD, a Canadian governmental authority, | No. 2:20-CV-00181-SAB |
| Plaintiff/Counter-Defendant, | **ORDER DENYING PLAINTIFF/COUNTER-DEFENDANT'S MOTION FOR SUMMARY JUDGMENT RE: INEQUITABLE CONDUCT COUNTERCLAIM** |
| v. | |
| VAN WELL NURSERY, INC., a Washington Corporation; MONSON FRUIT COMPANY, INC., a Washington Corporation; GORDON GOODWIN, an individual; and SALLY GOODWIN, an individual, | |
| Defendants/Counter-Plaintiffs, | |
| v. | |
| SUMMERLAND VARIETIES CORPORATION, | |
| Third Party Defendant/ Counter-Defendant. | |

**ORDER DENYING PLAINTIFF/COUNTER-DEFENDANT'S MOTION FOR SUMMARY JUDGMENT RE: INEQUITABLE CONDUCT COUNTERCLAIM ~1**

Before the Court is Plaintiff/Counter-Defendant's Motion for Summary Judgment on Defendants' Inequitable Conduct Counterclaim (Counterclaim No. 2), ECF No. 293. A hearing on the motion was held on January 11, 2024, by videoconference. Plaintiff Her Majesty the Queen in Right of Canada, as Represented by the Minister of Agriculture and Agri Food a Canadian Governmental Authority, and Third-Party Defendant Summerland Varieties Corporation, were represented by Jennifer D. Bennett, Michelle K. Fischer, Daniel William Short and Garrett Fox. Defendant Monson Fruit Co., Inc. was represented by Mark P. Walters and Mitchell D. West. Defendant Van Well Nursery, Inc. and the Goodwin Defendants were represented by Quentin D. Batjer and Katie Merrill.

Plaintiff/Counter-Defendant moves for summary judgment on Defendants' counterclaim that alleges Plaintiff/Counter-Defendant engaged in inequitable conduct in the prosecution of the Staccato patent.

## LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is no genuine issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict in that party's favor. *Anderson*, 477 U.S. at 250. The moving party has the initial burden of showing the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets its initial burden, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248.

In addition to showing there are no questions of material fact, the moving party must also show it is entitled to judgment as a matter of law. *Smith v. Univ. of Wash. Law Sch.*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the non-moving

**ORDER DENYING PLAINTIFF/COUNTER-DEFENDANT'S MOTION FOR SUMMARY JUDGMENT RE: INEQUITABLE CONDUCT COUNTERCLAIM ~2**

party has the burden of proof. *Celotex*, 477 U.S. at 323. The non-moving party cannot rely on conclusory allegations alone to create an issue of material fact. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993). When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

## FACTS

AAFC is a department of the Canadian government that operates a tree fruit breeding program that developed the sweet cherry variety, Staccato, which is at the heart of this litigation. AAFC has operated a tree fruit breeding program since 1924. Counter-Defendant Summerland Varieties Corporation ("SVC" f/k/a PICO) is responsible for obtaining, managing, and licensing AAFC's intellectual property for selected fruit varieties.

A provisional application for United States Patent No. PP 20,551 P3 ("'551 Staccato patent"), entitled "Cherry Tree Named '13S2009'" was filed on March 13, 2002; the application was filed on March 6, 2003 and the '551 Patent was issued to AAFC on December 15, 2009. Ken Haddrell prepared the provisional application for the '551 Staccato Patent.

The Court previously invalidated '551 Patent because it was on sale prior to the "critical date," which is one year prior to the effective filing date of the patent application. Specifically, the Court found evidence of commercial sales of Staccato based on Stemilt's business records.

## LAW

Inequitable conduct is an equitable defense to patent infringement that, if proved, bars enforcement of the patent. *Therasense, Inc. v. Becton, Dickinson and Co.*, 649 F.3d 1276, 1285 (Fed. Cir. 2011). It occurs when a patentee breaches their duty to the US Patent and Trademark Office of candor, good faith, and honesty. *Id*.

To prevail on a claim of inequitable conduct, the accused infringer must

**ORDER DENYING PLAINTIFF/COUNTER-DEFENDANT'S MOTION FOR SUMMARY JUDGMENT RE: INEQUITABLE CONDUCT COUNTERCLAIM ~3**

prove that the patentee acted with the specific intent to deceive the PTO. *Id.* (citation omitted). A finding that the misrepresentation or omission amounts to gross negligence or negligence under a "should have known" standard does not satisfy this intent requirement. *Id.* (citation omitted). "In a case involving nondisclosure of information, clear and convincing evidence must show that the applicant made a deliberate decision to withhold a known material reference." *Id.* (quotation omitted). Stated another way, the accused infringer must prove by clear and convincing evidence that the applicant knew of the reference, knew that it was material, and made a deliberate decision to withhold it. *Id.*

The party asserting inequitable conduct must prove a threshold level of materiality and intent by clear and convincing evidence. *Molins PLC v. Textron, Inc.*, 48 F.3d 1172, 1178 (Fed. Cir. 1995). Intent and materiality are separate requirements. *Therasense, Inc.*, 649 F.3d at 1285. A district court may not infer intent solely from materiality. *Id.* As the Federal Circuit instructed, specific intent cannot be proven simply by showing that the applicant knew of a reference, should have known of its materiality, and decided not to submit it to the PTO. *Id.* at 1290.

"Because direct evidence of deceptive intent is rare, a district court may infer intent from indirect and circumstantial evidence. . . To meet the clear and convincing standards, the specific intent to deceive must be 'the single most reasonable inference able to be drawn from the evidence.'" *Id.* (quotation omitted).

Determining at summary judgment that a patent is unenforceable for inequitable conduct is permissible, but uncommon. *Digital Control, Inc. v. Charles Mach. Work*s, 437 F.3d 1309, 1313 (Fed. Cir. 2006). Summary judgment on inequitable conduct is only appropriate if "the facts of materiality or intent are not reasonably disputed." A genuine issue of material fact is not raised by the submission of "merely conclusory statements or completely insupportable, specious, or conflicting explanations or excuses."

//

**ORDER DENYING PLAINTIFF/COUNTER-DEFENDANT'S MOTION FOR SUMMARY JUDGMENT RE: INEQUITABLE CONDUCT COUNTERCLAIM ~4**

DISCUSSION

Here, the facts as alleged by Defendants/Counter-Plaintiffs meet the threshold level of materiality and intent by clear and convincing evidence. Additionally, questions of fact exist that preclude summary judgment. Taking the facts in the light most favorable to Defendants/Counter-Plaintiffs, the non-moving party, a reasonable fact-finder could find that Plaintiff/Counter-Defendant engaged in inequitable conduct.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff/Counter-Defendant's Motion for Summary Judgment on Defendants' Inequitable Conduct Counterclaim, ECF No. 293, is **DENIED**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and to provide copies to counsel.

**DATED** this 5th day of February 2024.

Stanley A. Bastian
Chief United States District Judge

ORDER DENYING PLAINTIFF/COUNTER-DEFENDANT'S MOTION FOR SUMMARY JUDGMENT RE: INEQUITABLE CONDUCT COUNTERCLAIM ~5