FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 12, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HER MAJESTY THE QUEEN IN RIGHT OF CANADA AS REPRESENTED BY THE MINISTER OF AGRICULTURE AND AGRI-FOOD, a Canadian governmental authority,<br><br>Plaintiff,<br><br>v.<br><br>VAN WELL NURSERY, INC., a Washington Corporation, MONSON FRUIT COMPANY, INC., a Washington Corporation, GORDON GOODWIN, an individual, and SALLY GOODWIN, an individual,<br><br>Defendants. | NO. 2:20-CV-00181-SAB<br><br>**ORDER GRANTING MOTION FOR RECONSIDERATION** |

Before the Court is Plaintiff's Motion for Reconsideration of Order Granting Defendants' Motion for Summary Judgment Re: Patent Invalidity, ECF No. 431. Plaintiff is represented by Jennifer Bennett, Daniel Short, Michelle Fischer, Alyssa Orellana, Cary Sullivan, and John O'Donnell. Defendant Van Well Nursery is represented by Kent Doll and Katie Ross. The Goodwin Defendants are

**ORDER GRANTING MOTION FOR RECONSIDERATION ~ 1**

represented by Quentin Batjer. Defendant Monson Fruit is represented by Mark Walters, Mitchell West, and Miles Yanick. The motion was heard without oral argument.[1]

Plaintiff asks the Court to reconsider its Order granting summary judgment that the patent directed to the Staccato cherry is invalid. Plaintiff asserts the Order was based on false evidence. Rather, the actual evidence contradicts and disproves Defendants' invalidity arguments. Specifically, Defendants submitted a PDF copy of an Excel file—excluding the first ten rows of the native spreadsheet—that purportedly showed sales of Staccato before the '551 Patent's critical date, along with Stemilt grower Kyle Mathison's deposition testimony that the spreadsheet appeared to show Staccato sales. It asserts the excluded rows and Mr. Mathison's trial testimony conclusively establish that the sales were actually of Sonata, an entirely different cherry, and could not have been Staccato sales. Additionally, it maintains that Mr. Mathison's testimony—which was necessary to prove that the sales listed in the Excel file were not for Staccato—did not come prior to trial.

### Motion Standard

Fed. R. Civ. P. 54(b) provides, in part, that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."

Fed. R. Civ. P. 60(b) states the Court may relieve a party from an order for (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); and (3) fraud (whether previously called

---

[1] The Court has determined that oral argument is not necessary. *See* LCivR 7.1(i)(3)(B)(iii).

**ORDER GRANTING MOTION FOR RECONSIDERATION ~ 2**

intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party, to name a few reasons. A motion under Rule 60(b) must be made within a reasonable time, and for the reasons set forth above, no more than a year after the entry of the order.

The Court is also authorized to reconsider its Orders under its inherent power so long as it has not been divested of jurisdiction. *United States v. Smith*, 389 F.3d 944, 949 (9th Cir. 2004).

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "A district court may properly reconsider its decision if it (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (quotation omitted). "There may also be other, highly unusual, circumstances warranting reconsideration." *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Whether to grant a motion for reconsideration is within the sound discretion of the court. *Navajo Nation v. Confederated Tribes and Bands of the Yakima Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

## Analysis

As an initial matter, the Court finds that Plaintiff's Motion is timely. The Court has not been divested of its jurisdiction over this case. Moreover, Plaintiff diligently raised the issue after obtaining Mr. Mathison's trial testimony that showed Exhibit 38 could only refer to Sonata, not Staccato.

The Court also finds it committed clear error in granting summary judgment on the issue of patent invalidity. New evidence of the complete Exhibit 38 and Mr. Mathison's trial testimony create genuine issues of material facts regarding whether Stemilt sold Sonata, not Staccato, in 2000. Moreover, Defendants have not

**ORDER GRANTING MOTION FOR RECONSIDERATION ~ 3**

shown they would be prejudiced if the Court were to reconsider its prior order on the validity of the patent. It is undisputed that Defendants excluded the first ten rows of Exhibit 38 that stated the sales were actually of Sonata, an entirely different cherry, then falsely represented to the Court that Exhibit 38 was an accurate copy of the original spreadsheet. It would be manifestly unjust to excuse this behavior at this stage of the proceedings. Defendants' assertions that they relied on the Court's invalidity order when they waived their right to a jury contradicts earlier representations to the Court.

The Court exercises its inherent authority to reconsider its decision. Plaintiff has shown there are genuine issues of material fact regarding the validity of the patent. Plaintiffs are entitled to have the trier of fact consider all relevant evidence in determining whether its patent is valid.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Reconsideration of Order Granting Defendants' Motion for Summary Judgment Re: Patent Invalidity, ECF No. 431, is **GRANTED**.

2. The Court **VACATES** the Order Granting Defendants' Motion for Summary Judgment Re: Patent Invalidity, ECF No. 287.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and to provide copies to counsel.

**DATED** this 12th day of March 2025.



Stanley A. Bastian
Chief United States District Judge

**ORDER GRANTING MOTION FOR RECONSIDERATION ~ 4**