Mark P. Walters, WSBA No. 30819
Mitchell D. West, WSBA No. 53103
LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
T: 206.381.3300
F: 206.381.3301
walters@lowegrahamjones.com

*Attorneys for Defendant Monson Fruit Company, Inc.*

Quentin D. Batjer, WSBA No. 37951
DAVIS, ARNEIL LAW FIRM, LLP
617 Washington Street
Wenatchee, WA 98801
Tel: (509) 662-3551
quentin@dadkp.com

*Attorneys for Defendants Gordon and Sally Goodwin*

Kent N. Doll. Jr., WSBA 40549
KND Law Firm
16201 E Indiana Ave #3270
Spokane Valley, WA 99216
Tel: (509) 315-4219
kdoll@thekndlawfirm.com

*Attorneys for Defendants Van Well Nursery, Inc.*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HER MAJESTY THE QUEEN IN RIGHT OF CANADA AS REPRESENTED BY THE MINISTER OF AGRICULTURE AND AGRI-FOOD. a Canadian governmental authority,<br><br>Plaintiff,<br><br>VAN WELL NURSERY, INC. a Washington Corporation, MONSON FRUIT COMPANY, INC., a Washington | No. 2:20-CV-00181-SAB<br><br>DEFENDANTS' REPLY RE: MOTION FOR JUDGMENT AS MATTER OF LAW<br><br>**Hearing Date: March 27, 2025 With Oral Argument (virtual): 9:30 am PDT** |

Corporation, GORDON GOODWIN, an individual, and SALLY GOODWIN, an individual

                    Defendants.

VAN WELL NURSERY, INC., a Washington Corporation, MONSON FRUIT COMPANY, INC., a Washington Corporation, GORDON GOODWIN, an individual, and SALLY GOODWIN, an individual,

,

                    Counter-Plaintiffs,

HER MAJESTY THE QUEEN IN RIGHT OF CANADA AS REPRESENTED BY THE MINISTER OF AGRICULTURE AND AGRI-FOOD, a Canadian governmental authority, and SUMMERLAND VARIETIES CORPORATION, a Canadian Corporation,

                    Counter-Defendants.

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

# TABLE OF CONTENTS

I.      INTRODUCTION ..........................................................................................1

II.     ISSUES RAISED BY AAFC'S RESPONSE ...............................................2

III.    ARGUMENT..................................................................................................2

      A.      AAFC's Argument that Its Claims Against Van Well and Goodwin did not "Accrue" Until June 8, 2017, is Unsupported.........................................................................................2

      B.      AAFC Cannot Meet its Burden to Toll the Statute of Limitations for Equitable Reasons. ....................................................5

      C.      AAFC Fails to Identify Evidence Showing that it Diligently Investigated Monson's Involvement with Glory. ............................8

      D.      AAFC's Laches Arguments are Meritless. .......................................9

      E.      AAFC's Arguments Based on Rule 50 are Misplaced. ..................10

IV.     CONCLUSION ...........................................................................................10

Lowe Graham Jones PLLC
1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

# TABLE OF AUTHORITIES

## CASES

*Albano v. Shea Homes Ltd. Partnership*, 634 F.3d 524 (9th Cir. 2011)…………...5

*Bonito Boats v. Thunder Craft Boats*, 489 U.S. 141, 156, 109 S. Ct. 971, 103 L. Ed. 2d 118 (1989)..................................................................................................4

*Cal. PUC v. FERC*, 29 F.4th 454 (9th Cir. 2022).......................................................5

*Clare v. Saberhagen Holdings, Inc.*, 129 Wash. App. 599, 603, 123 P.3d 465 (Div. 1 2005)..................................................................................................2, 9

*Colonial Imps. v. Carlton N.W.*, 121 Wn.2d 726, 736, 853 P.2d 913 (1993) ..........5

*DC Comics v. Towle*, 802 F.3d 1012 (9th Cir. 2015) ................................................9

*Lukovsky v. City and Country of San Francisco*, 535 F.3d 1044 (9th Cir. 2008)…5

*Newell v. Inland Publ'ns Inc.*, No. 2:23-CV-00025-SAB, 2024 U.S. Dist. LEXIS 57005, at *7 (E.D. Wash. Mar. 28, 2024) ............................................................7

*Peterson v. Groves*, 111 Wash. App. 306, 310, 44 P.3d 894 (Div. 1 2002)..... 2, 5, 6

*Pincay v. Andrews*, 238 F.3d 1106 (9th Cir. 2001) ..................................................8

*Pinkette Clothing, Inc. v. Cosmetic Warriors Limited*, 894 F.3d 1015 (9th Cir. 2018) ........................................................................................................9

*Piper v. Gooding & Co.*, No. CV-18-00244-PHX-DLR, 2019 U.S. Dist. LEXIS 220808, 2019 WL 7049263 (D. Ariz. Sep. 24, 2019) ..........................................4

*Robinson v. City of Seattle*, 119 Wn.2d 34, 82, 830 P.2d 318 (1992) ......................5

*Simmons Oil Corp. v. Tesoro Petroleum Corp.*, 86 F.3d 1138 (Fed. Cir. 1996).......8

*Vance v. Pierce Cnty.*, No. 73632-9-I, 2015 Wash. App. LEXIS 2363, 2015 WL 5786839 (Div. 1 Oct. 5, 2015)..............................................................................3

*W.J. v. Sec'y of HHS*, 93 F.4th 1228 (Fed. Cir. 2024)...............................................8

## STATUTES

RCW 4.16.280    …………………………………………………………………..8

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

DEFENDANTS' REPLY RE: MOTION FOR
JUDGMENT AS A MATTER OF LAW - v

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

# I. INTRODUCTION

AAFC admits, as it must, to all requisite facts establishing knowledge of its claims against Defendants Van Well and Goodwin before expiration of the applicable statute of limitations: May 18, 2016, for the CPA claim and May 18, 2017, for all other claims. ECF #447. Accordingly, to avoid summary judgment, AAFC must identify facts sufficient to permit a jury finding that Defendants Van Well or Goodwin misrepresented "true facts" about the claims in a manner reasonably causing AAFC to delay filing suit. Because AAFC fails to identify evidence sufficient to permit a finding that the statute of limitations should be tolled for equitable reasons, summary judgment on these claims in favor of Defendants Van Well and Goodwin is required.

AAFC's response to Monson's motion is slightly different. AAFC contends it did not know about Monson's involvement until after expiration of the applicable statute of limitations, but it does not dispute Monson started packing Glory for others in 2014 or that Monson planted its own orchards beginning in 2016. *Id.* at Nos. 3.F-G. Accordingly, to avoid summary judgment, AAFC must identify facts sufficient to permit a jury finding that it remained ignorant of Monson's involvement until after expiration of the applicable statute of limitations, and that it *could not have discovered through reasonable diligence* facts showing Monson's involvement before expiration of the applicable statute of limitations. Because AAFC fails to identify sufficient evidence permitting a finding that it remained ignorant of Monson's involvement and that it could not have discovered

LOWE GRAHAM JONES ᴾᴸᴸᶜ

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

Monson's involvement through reasonable diligence until after expiration of the applicable statute of limitations, summary judgment must be entered in Monson's favor.

## II.    ISSUES RAISED BY AAFC'S RESPONSE

AAFC's response raises the following two issues: (1) whether sufficient evidence exists to permit a jury finding that the statute of limitations on claims against Defendants Van Well and Goodwin should be tolled for equitable reasons; and (2) whether evidence exists to permit a finding that the discovery rule applies to AAFC's claims against Monson sufficient to negate Monson's statute of limitations defense. Under controlling law, AAFC bears the burden of proof on both issues. *See Peterson v. Groves*, 111 Wash. App. 306, 310, 44 P.3d 894, 896 (Div. 1 2002) ("Equitable estoppel is not favored, and the party asserting estoppel must prove each of its elements by clear, cogent, and convincing evidence."); *Clare v. Saberhagen Holdings, Inc.*, 129 Wash. App. 599, 603, 123 P.3d 465, 467 (Div. 1 2005) ("The plaintiff bears the burden of proving that the facts constituting the claim were not and could not have been discovered by due diligence within the applicable limitations period").

## III.    ARGUMENT

### A.    AAFC's Argument that Its Claims Against Van Well and Goodwin did not "Accrue" Until June 8, 2017, is Unsupported.

While AAFC agrees that the "accrual date begins when AAFC knew, or should have known, all of the essential elements of its cause of action" (Resp. at 8), it nevertheless contends that its claims against Van Well and Goodwin did not "accrue" until June 8, 2017

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

(*id.* at 9). But this asserted accrual date ignores undisputed facts showing AAFC's actual knowledge regarding Van Well's and Goodwin's possession of Glory plant material (ECF #447, 2.C) allegedly in violation of Van Well's agreements with AAFC (*id.* at 1.C-D), and the contemporaneous development, commercialization, patenting, advertisement, and sale of the accused Glory variety by Van Well and Goodwin (*id.* at 3.A, 3.C, and 3.D). Even AAFC's Goewin Demmon admits she was personally "aware of the Glory matter in 2014 while reviewing a proposal for a research project to be conducted by Dr. Wiersma." ECF #444 at ¶3. And it is undisputed that Dr. Wiersma of AAFC had already formed an opinion beginning in 2012 that Glory was actually Staccato, an opinion he confirmed again in 2013. ECF #447 at 2.C-D. Accordingly, there is no genuine dispute that AAFC knew all essential elements forming its claims against Van Well and Goodwin for conversion, tortious interference, and for violations of the CPA and Lanham Act well before expiration of the applicable statute of limitations deadlines on May 18, 2016 (for the CPA claim) and May 18, 2017 (for all other claims).

Nor does AAFC find any legal support for its contention that claims for conversion, tortious interference, and for violation of the CPA are "continuing torts." Resp. at 9. AAFC cites *Vance v. Pierce Cnty.*, No. 73632-9-I, 2015 Wash. App. LEXIS 2363, 2015 WL 5786839 (Div. 1 Oct. 5, 2015), which was also cited by Defendants (Motion at 10), but that case merely explains that no court in Washington has *ever* applied the continuing tort doctrine outside of real property cases (trespass, nuisance, etc.) and employment discrimination. *See id.* at *15-16 (collecting cases).

DEFENDANTS' REPLY RE: MOTION FOR
JUDGMENT AS A MATTER OF LAW - 3

AAFC then cites a case applying California law, involving the theft of a rare 1954 Ferrari and rejecting a statute of limitations defense because "transfer of stolen property constitutes a new conversion which creates a new cause of action." Resp. at 9 (citing *Piper v. Gooding & Co.*, No. CV-18-00244-PHX-DLR, 2019 U.S. Dist. LEXIS 220808, 2019 WL 7049263 (D. Ariz. Sep. 24, 2019)). Defense counsel could not find support for this rule in Washington law, but it makes no difference because AAFC knew it had a claim for conversion (under its theory of the case) against Van Well and Goodwin before expiration of the applicable statute of limitations. In other words, AAFC's conversion claim against Van Well and Goodwin is based, at least in part, on trees each Defendant possessed *before* expiration of the limitations period. Indeed, SVC's letter to all Glory growers dated January 20, 2016, stated that "**the trees may remain in your orchards**." ECF #433, Ex. D (emphasis added). Surely, AAFC abandoned any conversion claim it had as to *these trees*. Yet, it is these *same trees* that make up a significant portion of AAFC's claimed damages for conversion/Lanham Act. ECF #338 at 98 (calculating damages on Glory trees planted as early as 2008).

Finally, AAFC argues that "in the intellectual property context," infringement is a continuing tort. Resp. at 9. But AAFC's state law claims *cannot* be based on theft of intellectual property given federal preemption. *See Bonito Boats v. Thunder Craft Boats*, 489 U.S. 141, 156, 109 S. Ct. 971, 103 L. Ed. 2d 118 (1989) ("States may not offer patent-like protection to intellectual creations which would otherwise remain unprotected as a matter of federal law.") Indeed, AAFC has failed to identify any specific Glory trees that

were not propagated by Defendants and therefore *owned* by Defendants. But even if AAFC could articulate a viable theory to own chattel created by someone else (it has not and cannot), the overwhelming majority of Defendants' Glory trees were created and planted prior to expiration of the applicable statute of limitations. Thus, AAFC would have no right to own those trees under a theory of conversion now even if it could establish that it once did. At a minimum, if the Court is persuaded by AAFC's "continuing tort" theory, it necessarily requires a finding that AAFC's claims are barred as to any trees in existence before expiration of the applicable statute of limitations.

**B.    AAFC Cannot Meet its Burden to Toll the Statute of Limitations for Equitable Reasons.**

Recognizing that it has known about its claims against Van Well and Goodwin since before expiration of the applicable statute of limitations, AAFC argues that the deadline should be tolled based on equitable estoppel. Resp. at 13-16. "'Equitable estoppel[1] is not favored, and the party asserting estoppel must prove each of its elements by clear, cogent, and convincing evidence.'" *Peterson*, 111 Wash. App. at 310, 44 P.3d at 896 (quoting

---

[1] AAFC cites federal law (Resp. at 14), but to the extent there is any conflict with state law, this Court is required to apply the substantive state law. *Cal. PUC v. FERC*, 29 F.4th 454, 463 (9th Cir. 2022); *Albano v. Shea Homes Ltd. Partnership*, 634 F.3d 524, 530 (9th Cir. 2011)("Federal courts must abide by a state's tolling rules, which are integrally related to statement of limitations."); *Lukovsky v. City and Country of San Francisco*, 535 F.3d 1044, 1051-51 (9th Cir. 2008) (relying on California and Federal common law to determine applicability of equitable estoppel).

DEFENDANTS' REPLY RE: MOTION FOR
JUDGMENT AS A MATTER OF LAW - 5

LOWE GRAHAM JONES ᴘʟʟᴄ

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

*Robinson v. City of Seattle*, 119 Wn.2d 34, 82, 830 P.2d 318 (1992)); *Colonial Imps. v. Carlton N.W.*, 121 Wn.2d 726, 736, 853 P.2d 913, 919 (1993) ("we will continue to require that the estoppel be made out with clear, cogent, and convincing evidence"). Estoppel or "fraudulent concealment" prohibits a defendant from raising a statute of limitations defense when a defendant has "fraudulently or inequitably invited a plaintiff to delay commencing suit until the applicable statute of limitations has expired." *Peterson*, 111 Wash. App. at 310–11. "The gravamen of equitable estoppel with respect to the statute of limitations is that the defendant made representations or promises to perform which lulled the plaintiff into delaying timely action." *Id.* at 311.

The problem with AAFC's equitable estoppel argument is that it fails to identify any allegedly false or misleading statement by either Van Well or Goodwin, let alone one that could have reasonably caused AAFC to delay filing a lawsuit. For example, AAFC only asserts SVC bought Van Well's 2014 inventory of Glory nursery stock (ECF #447, SAF ¶1), that SVC was "negotiating" with PICO in 2014 regarding Defendants' future Glory sales (*Id.*, SAF ¶2), that Van Well informed SVC that it was rescinding its agreement with Goodwin in 2015 (*Id.*, SAF ¶¶3-5), and that a lawyer for SVC sent Van Well a letter in 2015 stating SVC's "understanding" and "willing[ness]" to "consider that past issues with Van Well Nursery concerning Glory trees are now resolved" (*Id.*, SAF ¶6). Nowhere does AAFC identify a promise or representation by Van Well or Goodwin that the Glory trees in their possession had been destroyed. Nor did either defendant say there would be no further propagation or sales of Glory. Indeed, in Van Well's letter to Glory growers on

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

March 8, 2016, it stated that "[a]fter three years of good faith efforts the matter was *still not resolved*" and that while rights to Glory had been returned to Goodwin, "this would allow Mr. Goodwin *to proceed with the Glory Cherry* in such a manner as he chose." ECF #433, Ex. E. Far from promising not to propagate Glory in the future, Van Well's March 8, 2016, letter made two things crystal clear regarding the future of Glory: (1) that Van Well believed, based on DNA evidence, that Glory was different from Staccato; and (2) that Mr. Goodwin retained rights to the Glory patent and would therefore determine its future commercialization. *Id.*

Even if AAFC somehow subjectively believed that the issue with Glory had been "resolved," that incorrect (and unreasonable) belief could have easily been corrected had it bothered to investigate. More than three years before AAFC filed suit, Defendants provided SVC with a pre-publication copy of the Hewitt paper concluding that Glory was most likely a distinct "sport" of Staccato. ECF #445, ¶4. SVC clearly understood at this time that the matter was not resolved, because in response to the Hewitt paper, SVC's manager felt compelled to "reinforce" its message to Van Well that it should not move forward with Glory. *Id.*, ¶5. While AAFC conveniently does not say when it learned of the Hewitt paper (ECF #444), it doesn't matter because as this Court has found, a plaintiff has a duty to investigate. *See Newell v. Inland Publ'ns Inc.*, No. 2:23-CV-00025-SAB, 2024 U.S. Dist. LEXIS 57005, at *7, 2024 WL 1337177 (E.D. Wash. Mar. 28, 2024) (explaining that "constructive knowledge triggers the statute of limitations"). "'The plaintiff is deemed to have had constructive knowledge if it had enough information to warrant an

LOWE GRAHAM JONES ᴾᴸᴸᶜ

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

investigation which, if reasonably diligent, would have led to discovery of the [claim].'" *Id.* (quoting *Pincay v. Andrews*, 238 F.3d 1106, 1110 (9th Cir. 2001)). Moreover, "a mere failure to come forward with facts that would provide the plaintiff with a basis for suit does not constitute fraudulent concealment." *W.J. v. Sec'y of HHS*, 93 F.4th 1228, 1241 (Fed. Cir. 2024) (quoting *Simmons Oil Corp. v. Tesoro Petroleum Corp.*, 86 F.3d 1138, 1143 (Fed. Cir. 1996)). Importantly, at no time did AAFC obtain a written agreement from Defendants stating that they would destroy all Glory trees in their possession and that they would never again propagate, sell, or advertise Glory. This fact alone is dispositive of any assertion by AAFC that Defendants somehow *agreed* they would destroy all Glory trees in their possession and never again sell or propagate Glory. RCW 4.16.280 ("No acknowledgment or promise shall be sufficient evidence of a new or continuing contract whereby to take the case out of the operation of this chapter, unless it is contained in some writing signed by the party to be charged").

## C. AAFC Fails to Identify Evidence Showing that it Diligently Investigated Monson's Involvement with Glory.

AAFC says it did not know Monson was involved with Glory until March 2018. ECF #444, ¶11. But what AAFC fails to identify is evidence that it exercised reasonable diligence to find out who had planted Glory, who had purchased Glory from Van Well, or who had paid royalties to Goodwin for the right to plant Glory before expiration of the statute of limitations. Because there is no dispute Monson planted Glory as early as 2016 (ECF #447, 3.F), AAFC cannot avoid summary judgment without evidence establishing

that it remained ignorant of Monson's involvement before expiration of the limitations period despite reasonably diligent efforts to investigate. *Clare*, 129 Wash. App. at 603. As the evidence at trial showed, it was no secret Monson was packing Glory fruit for others as early as August 2014. Trial-Ex. #90 at 114. While AAFC disputes SVC knew this (ECF #447, 3.G), it cites Mr. Ibuki's testimony *before* he was shown an email from 2014 informing him that a grower named Joe Wiggs was taking his Glory to "Monson Fruit in Selah." ECF #412 (Tr. Vol. 1), at 132:15-24. Mr. Ibuki testified he would have seen this email, but "it probably wouldn't have registered in the slightest" that Monson was packing Glory in 2014. *Id.* This, of course, cannot save AAFC from operation of the statute of limitations because it shows what a reasonably diligent investigation would have revealed in 2014 had AAFC bothered to conduct one.

### D.    AAFC's Laches Arguments are Meritless.

Because AAFC failed to file suit before expiration of the analogous 3-year statute of limitations period, a strong presumption of laches applies. *Pinkette Clothing, Inc. v. Cosmetic Warriors Limited*, 894 F.3d 1015, 1025 (9th Cir. 2018). AAFC offers no evidence sufficient to rebut this strong presumption. Additionally, the cases AAFC cites refusing to apply laches in cases of willful infringement are inapposite because they are limited to situations where the defendant has knowingly used another's trademark intending to "exploit the advantage of an established mark." Resp. at 17 (citing *DC Comics v. Towle*, 802 F.3d 1012, 1026 (9th Cir. 2015)). Here, Defendants never used the name Staccato. Nor

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

is there evidence Defendants were aware of AAFC's novel and legally suspect[2] Lanham Act claims before suit was filed in 2020. AAFC fails to identify a single pre-suit document that would have informed Defendants that marketing Glory as "new" or "different" than Staccato was somehow a violation of the law. AAFC argues there has been no prejudice caused by its over 8-year delay. But entire orchards were planted during the delay. AAFC does not simply demand a "rebranding" of Glory, which happened years ago in any event.[3] Instead, AAFC demands Defendants *replant*, which would take these orchards out of service for several years. In short, the prejudice caused by AAFC's delay is immense.

### E.    AAFC's Arguments Based on Rule 50 are Misplaced.

AAFC challenges Defendants' motion under Rule 50 because it seeks "judgment as a matter of law." But Defendants' motion is clearly based on Rule 56. And it was authorized. ECF #428. The motion also comports with Rule 1, requiring "the just, speedy, and inexpensive determination of every action and proceeding." Trial on these claims should be avoided if the evidence confirms no genuine dispute of material fact.

### IV.    CONCLUSION

For all the foregoing reasons, Defendants' motion should be granted.

---

[2] Should this motion be denied, Defendants respectfully seek clarification regarding the disputed factual issues found by the Court in view of controlling Supreme Court law defining "origin" in the Lanham Act as the *producer* of goods as opposed to the *inventor* or *creator* of the intellectual property embodied by the goods. *See* ECF #309 and #323.

[3] Defendants sell their Glory fruit as "dark sweet cherries" which is consistent with SVC's 2016 demand letter. ECF #433, Ex. D.

DEFENDANTS' REPLY RE: MOTION FOR JUDGMENT AS A MATTER OF LAW - 10

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

1

DATED this 12th day of March 2025.

2

LOWE GRAHAM JONES PLLC

3

4

By_____

Mark P. Walters, WSBA No. 30819
Mitchell D. West, WSBA No. 53103
walters@lowegrahamjones.com
west@lowegrahamjones.com
1325 Fourth Avenue, Suite 1130
Seattle, WA 98101
Telephone: (206) 381-3300

5

6

7

8

Attorneys for Defendant Monson Fruit
Company, Inc.

9

10

/s/ Quentin D. Batjer_____

Quentin D. Batjer, WSBA No. 37951
DAVIS, ARNEIL LAW FIRM, LLP
617 Washington Street
Wenatchee, WA 98801
Tel: (509) 662-3551
quentin@dadkp.com

11

12

13

14

15

16

Attorneys for Defendants Gordon and Sally
Goodwin

17

18

/s/ Kent Doll_____

Kent N. Doll. Jr., WSBA 40549
KND Law Firm
16201 E Indiana Ave #3270
Spokane Valley, WA 99216
Tel: (509) 315-4219
kdoll@thekndlawfirm.com

19

20

21

22

23

Attorneys for Defendants Van Well Nursery,
Inc.

24

25

26

27

DEFENDANTS' REPLY RE: MOTION FOR
JUDGMENT AS A MATTER OF LAW - 11

LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

## <u>CERTIFICATE OF SERVICE</u>

I, Mark P. Walters, attest that I am over the age of 18 and not a party to the action. I hereby certify that on March 12, 2025, I caused the foregoing document to be served on all counsel of record using the Court's ECF filing system.

<u>/s/ Mark P. Walters</u>

DEFENDANTS' REPLY RE: MOTION FOR
JUDGMENT AS A MATTER OF LAW - 12