Mark P. Walters, WSBA No. 30819
Mitchell D. West, WSBA No. 53103
LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
T: 206.381.3300
F: 206.381.3301
walters@lowegrahamjones.com

*Attorneys for Defendant Monson Fruit Company, Inc.*

Quentin D. Batjer, WSBA No. 37951
DAVIS, ARNEIL LAW FIRM, LLP
617 Washington Street
Wenatchee, WA 98801
Tel: (509) 662-3551
quentin@dadkp.com

*Attorneys for Defendants Gordon and Sally Goodwin*

Kent N. Doll. Jr., WSBA 40549
KND Law Firm
16201 E Indiana Ave #3270
Spokane Valley, WA 99216
Tel: (509) 315-4219
kdoll@thekndlawfirm.com

*Attorneys for Defendants Van Well Nursery, Inc.*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HER MAJESTY THE QUEEN IN RIGHT OF CANADA AS REPRESENTED BY THE MINISTER OF AGRICULTURE AND AGRI-FOOD. a Canadian governmental authority,<br><br>Plaintiff,<br><br><br>VAN WELL NURSERY, INC. a Washington Corporation, MONSON FRUIT COMPANY, INC., a Washington | No. 2:20-CV-00181-SAB<br><br>DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS PURSUANT TO LCR 56(c)(1)(A) |

LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

1  Corporation, GORDON GOODWIN, an
2  individual, and SALLY GOODWIN, an
3  individual

4                              Defendants.

5  VAN WELL NURSERY, INC., a
   Washington Corporation, MONSON
6  FRUIT COMPANY, INC., a Washington
   Corporation, GORDON GOODWIN, an
7  individual, and SALLY GOODWIN, an
8  individual,

9  ,

10                         Counter-Plaintiffs,

11
   HER MAJESTY THE QUEEN IN RIGHT
12 OF CANADA AS REPRESENTED BY
   THE MINISTER OF AGRICULTURE
13 AND AGRI-FOOD, a Canadian
   governmental authority, and
14 SUMMERLAND VARIETIES
   CORPORATION, a Canadian
15 Corporation,
16

17                        Counter-Defendants.

18

19

20

21

22

23

24

25

26

27

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF
ADDITIONAL FACTS PURSUANT TO LCR 56(c)(1)(A) - 2

1

2

3

| AAFC's Additional Material Facts and Supporting Evidence | |
|---|---|
| 1. SVC/PICO bought Van Well's inventory of "Glory" trees for destruction in 2014. **Supporting Evidence**: Declaration of Nick Ibuki ("Ibuki Decl."), ¶ 3, Ex. 1 (P. Van Well Dep. Ex. 17). | Undisputed. |

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

| | |
|---|---|
| 2. In 2014, SVC was negotiating with Van Well to stop additional propagation and selling of "Glory" until the identity of Glory was confirmed.<br><br>**Supporting Evidence:**<br><br>Declaration of Jennifer Bennett ("Bennett Decl."), Ex. 1 (VW002761-62 ("We will not sell or deliver any Glory cherry trees until after our meeting with Mr. Carlson.")); Ex. 2 (SVC0000218 ("I spoke to Peter Van Well 1 today.  He | Undisputed. |

LOWE GRAHAM JONES ᴾᴸᴸᶜ

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

| | |
|---|---|
| has agreed to not allow any delivery of Glory/Staccato until the determination of the variety is proven.")); Ex. 3 (VW002830 ("Glory will not be mentioned in any catalogue published by Van Well and will not offer the variety for sale.")); Ibuki Decl. ¶4. | |
| 3. On July 29, 2015, Van Well informed SVC that it was going to rescind its agreement with Goodwin. **Supporting Evidence:** Ibuki Decl., ¶6; Declaration of Goewin Demmon ("Demmon Decl."), ¶4, Ex. 1 (SVC0000318). | Undisputed. |

LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

| | |
|---|---|
| 4. On July 30, 2015, AAFC learned that Van Well intended to rescind its agreement with Goodwin. **Supporting Evidence**: Demmon Decl., ¶ 4, Ex. 1. | Undisputed. |
| 5. On July 31, 2015, Van Well formally terminated its Glory agreement with Mr. Goodwin. **Supporting Evidence**: Bennett Decl., Ex. 5 (VW000165-66). | Undisputed. |
| 6. On December 18, 2015, SVC's lawyer sent Van Well's lawyer a letter that stated, "Our client understands your letter to mean that Van Well is not | Undisputed. |

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

going to be marketing any Goodwin (Glory) cherry trees going forward and that it has either returned or disposed of all Glory trees in its possession so that it will be neither selling or distributing Glory in the future…given your confirmation that Van Well has now terminated its relationship with respect to the Glory trees, our client is willing to consider that past issues with Van Well Nursery concerning Glory trees are now resolved…"

**Supporting Evidence:**

Bennett Decl., Ex. 4 (SVC0000596-598).

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

| | |
|---|---|
| 7. In 2016, Van Well represented to growers that it "no longer sells the [Glory] variety."<br><br>**Supporting Evidence:**<br><br>ECF 433, Ex. E; Ibuki Decl., ¶8. | Undisputed. |
| 8. SVC/PICO and AAFC understood that the Glory dispute was resolved (i.e., Glory would no longer be propagated or sold).<br><br>**Supporting Evidence:**<br><br>Demmon Decl., ¶¶ 4-5; Ibuki Decl., ¶ 8; Bennett Decl., Ex. 4 (SVC0000596). | Disputed and immaterial. Whether AAFC subjectively believed that the issue was "resolved" is irrelevant because there was no written agreement settling the matter. RCW 4.16.280 ("No acknowledgment or promise shall be sufficient evidence of a new or continuing contract whereby to take the case out of the operation of this chapter, unless it is contained in some writing signed by the party to be charged"). Nor does AAFC identify sufficient evidence showing that Defendants agreed the matter was settled. Finally, SVC and AAFC abandoned whatever rights they had to own Glory trees planted as of 1/20/2016. ECF #433, Ex. D ("**the trees may remain in your orchards**") |

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

| | |
|---|---|
| 9. In March 2017, Dr. Dhingra published his faulty study, the Hewitt Paper, concluding that Glory and Staccato are distinct varieties because Glory *may* be a sport of Staccato®.<br><br>**Supporting Evidence:**<br><br>Declaration of Sean Beirnes ("Beirnes Decl."), ¶¶ 3-5, Ex.<br><br>1 (SVC0001125). | Undisputed as to publication date. Disputed as to characterization of it as "faulty." Dr. Dhingra's study remains the only published and peer-reviewed study showing that Glory is a distinct variety from Staccato. |

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

| | |
|---|---|
| 10. On June 8, 2017, Van Well emailed SVC/PICO: "I just wanted to give you guys a heads up that VAN WELL NURSERY is proceeding with the Glory cherry variety, which has a U.S. Plant Patent and a study showing DNA evidence that it is a distinct variety…. We will be budding trees in August for delivery Spring 2019 and using the name Glory and images of the fruit in our advertising."<br><br>**Supporting Evidence:**<br>Beirnes Decl., ¶ 6, Ex. 2 (VW002751). | Undisputed. |

LOWE GRAHAM JONES ᴾᴸᴸᶜ

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

| | |
|---|---|
| 11. Prior to June 8, 2017, AAFC did not know and had no reason to know of any potential claims against Van Well.<br><br>**Supporting Evidence**:<br>Beirnes Decl., ¶¶ 6-7; Demmon Decl., ¶ 6. | Disputed and immaterial. Whether AAFC subjectively believed that the issue was "resolved" is irrelevant because there was no written agreement settling the matter. RCW 4.16.280 ("No acknowledgment or promise shall be sufficient evidence of a new or continuing contract whereby to take the case out of the operation of this chapter, unless it is contained in some writing signed by the party to be charged"). Nor does AAFC identify sufficient evidence showing that Defendants agreed the matter was settled. Finally, SVC and AAFC abandoned whatever rights they had to own Glory trees planted as of 1/20/2016. ECF #433, Ex. D ("**the trees may remain in your orchards**") |
| 12. In the Fall of 2017, SVC notified AAFC that there may be an issue with Van Well Nursery and Glory.<br>**Supporting Evidence:**<br>Beirnes Decl., ¶ 7; Demmon Decl., ¶ 6. | Undisputed. |

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

| | |
|---|---|
| 13. In October 2017, Van Well informed Mr. Beirnes of SVC that Van Well had budded Glory trees for delivery in 2018 and 2019, with 6,000 trees going to Monson in 2018.<br><br>**Supporting Evidence:**<br><br>Beirnes Decl., ¶ 8. | Undisputed. |
| 14. On February 2, 2018, SVC/PICO emailed Van Well stating that, even based on the results of the Hewitt Paper, AAFC owns the rights in Glory and it was "imperative to us that [Van Well] not deliver [Glory] trees."<br><br>**Supporting Evidence:** | Undisputed. |

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF
ADDITIONAL FACTS PURSUANT TO LCR 56(c)(1)(A)- 12

LOWE GRAHAM JONES ᴾᴸᴸᶜ

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

| | |
|---|---|
| Beirnes Decl., ¶ 9, Ex. 3 (SVC0000665-678); Demmon Decl., ¶ 7. | |
| 15. In late February to early March of 2018, SVC confirmed with Van Well Nursery that the 6,000 Glory nursery trees would be delivered to Monson. **Supporting Evidence:** Beirnes Decl., ¶ 10. | Undisputed. |
| 16. In March of 2018, AAFC learned for the first time that Monson would be the buyer of the Glory trees from Van Well, to be delivered that | Disputed, unsupported, and irrelevant. SVC was aware of Monson's involvement with packing Glory for others by August 2014 based on an email from 2014 informing Nick Ibuki that a grower named Joe Wiggs was taking his Glory to "Monson Fruit in Selah." ECF #412 (Tr. Vol. 1), at 132:15- |

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

| | |
|---|---|
| Spring.<br><br>**Supporting Evidence**:<br>Demmon Decl., ¶ 9. | 24. Mr. Ibuki testified he would have seen this email, but "it probably wouldn't have registered in the slightest" that Monson was packing Glory in 2014. *Id.*<br><br>Moreover, the Hewitt Paper published in March 2017 (*see supra* at SAF ¶9), and it doesn't matter if AAFC was subjectively unaware because a plaintiff has a duty to investigate. *See Newell v. Inland Publ'ns Inc.*, No. 2:23-CV-00025-SAB, 2024 U.S. Dist. LEXIS 57005, at *7, 2024 WL 1337177 (E.D. Wash. Mar. 28, 2024) (explaining that "constructive knowledge triggers the statute of limitations"). "'The plaintiff is deemed to have had constructive knowledge if it had enough information to warrant an investigation which, if reasonably diligent, would have led to discovery of the [claim].'" |

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

| | |
|---|---|
| 17. On March 26, 2018, AAFC sent Van Well a letter formally demanding that Van Well not sell and distribute Glory.<br><br>**Supporting Evidence:** Demmon Decl., ¶ 8, Ex. 3. (AAFC0000685-686). | Undisputed. |
| 18. March 2018 was the first time AAFC learned that Monson had any role or involvement with Glory.<br><br>**Supporting Evidence**: Demmon Decl., ¶¶ 9, 11. | Disputed, unsupported, and irrelevant. SVC was aware of Monson's involvement with packing Glory for others by August 2014 based on an email from 2014 informing Nick Ibuki that a grower named Joe Wiggs was taking his Glory to "Monson Fruit in Selah." ECF #412 (Tr. Vol. 1), at 132:15-24. Mr. Ibuki testified he would have seen this email, but "it probably wouldn't have registered in the slightest" that Monson was packing Glory in 2014. *Id.*<br><br>Moreover, the Hewitt Paper published in March 2017 (*see supra* at SAF ¶9), and it doesn't matter if |

LOWE GRAHAM JONES℠

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

|  | AAFC was subjectively unaware because a plaintiff has a duty to investigate. *See Newell v. Inland Publ'ns Inc.*, No. 2:23-CV-00025-SAB, 2024 U.S. Dist. LEXIS 57005, at *7, 2024 WL 1337177 (E.D. Wash. Mar. 28, 2024) (explaining that "constructive knowledge triggers the statute of limitations"). "'The plaintiff is deemed to have had constructive knowledge if it had enough information to warrant an investigation which, if reasonably diligent, would have led to discovery of the [claim].'" |
|---|---|

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

| | |
|---|---|
| 19. On April 5, 2018, Mr. Beirnes from SVC spoke with Chris Monson by phone to confirm whether Monson was in fact the intended recipient of Glory trees from Van Well, and to notify Monson that 1) the identity and ownership of Glory was in dispute between AAFC and Van Well, 2) Van Well possessed Staccato® pursuant to an agreement with AAFC, 3) AAFC owns Staccato® and any sport of Staccato®. **Supporting Evidence:** Beirnes Decl., ¶¶ 11-13, Ex. 4 (SVC0000352). | Undisputed, irrelevant, and shows prejudice. Had Anyone at SVC or AAFC notified Monson before he started planting his own orchards in 2016, it would have been able to avoid planting. A lawsuit in 2020 puts his decision to plant four years earlier at risk, and Monson never would have taken that risk had AAFC/SVC acted sooner. |

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

| | |
|---|---|
| 20. During their April 5, 2018 call, Mr. Monson informed Mr. Beirnes that he intended to purchase Glory trees from Van Well but that he had not yet taken delivery of any Glory trees and would talk to Van Well about the Glory/Staccato® issue. **Supporting Evidence:** Beirnes Decl., ¶ 12. | Undisputed. |
| 21. On April 25, 2018, Mr. Beirnes followed up with Monson to see whether Monson decided to plant Glory. **Supporting Evidence:** Beirnes Decl., ¶ 14, Ex. 4 (SVC0000352). | Undisputed. |

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

| | |
|---|---|
| 22. On May 31, 2018, Monson informed SVC that it had already "planted the [Glory] trees and will wait to see who and what the royalties will be paid too…." <br><br>**Supporting Evidence:** <br><br>Beirnes Decl., ¶¶ 15-16, Ex. 4 (SVC0000352); Demmon Decl., ¶10, Ex. 4 (SVC0000352). | Undisputed. |
| 23. On May 31, 2018, SVC informed AAFC that Monson received and planted Glory trees received from Van Well. <br><br>**Supporting Evidence:** <br><br>Beirnes Decl., ¶ 16, Ex. 4 (SVC0000352); Demmon | Undisputed. |

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

| Decl., ¶ 10, Ex. 4 (SVC0000352). | |
|---|---|
| 24. Prior to May 31, 2018, AAFC did not know and had no reason to know of any potential claims against Monson.<br><br>**Supporting Evidence**:<br>*See id.* | Disputed, unsupported, and irrelevant. SVC was aware of Monson's involvement with packing Glory for others by August 2014 based on an email from 2014 informing Nick Ibuki that a grower named Joe Wiggs was taking his Glory to "Monson Fruit in Selah." ECF #412 (Tr. Vol. 1), at 132:15-24. Mr. Ibuki testified he would have seen this email, but "it probably wouldn't have registered in the slightest" that Monson was packing Glory in 2014. *Id.*<br><br>Moreover, the Hewitt Paper published in March 2017 (*see supra* at SAF ¶9), and it doesn't matter if AAFC was subjectively unaware because a plaintiff has a duty to investigate. *See Newell v. Inland Publ'ns Inc.*, No. 2:23-CV-00025-SAB, 2024 U.S. Dist. LEXIS 57005, at *7, 2024 WL 1337177 (E.D. Wash. Mar. 28, 2024) (explaining that "constructive knowledge triggers the statute of limitations"). "'The plaintiff is deemed to have had |

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

| | |
|---|---|
| | constructive knowledge if it had enough information to warrant an investigation which, if reasonably diligent, would have led to discovery of the [claim].'" |
| 25. In 2019, Dr. Matthew Settles was hired to analyze the DNA sequence data from the Hewitt Paper upon which Defendants relied to support that Glory was different than Staccato®, to independently validate the findings reported in the paper.<br><br>**Supporting Evidence:** Bennett Decl., Ex. 6 (Settles Rpt.), ¶ 33. | Undisputed. |

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

| | |
|---|---|
| 26. On July 5, 2019, Dr. Settles finished his analysis and concluded that the Hewitt Paper did not support that Glory and Staccato® are distinct genotypes.<br><br>**Supporting Evidence:**<br>Bennett Decl., Ex. 7 (PTX72). | Undisputed as to when Dr. Settles finished his analysis. Disputed as to whether his conclusions were sufficient to call into question the results published in the peer-reviewed Hewitt paper. |
| 27. On August 22, 2024, the Court concluded that Glory is, in fact, Staccato®.<br><br>**Supporting Evidence:**<br>ECF 424. | Undisputed. |
| 28. Prior to June 8, 2017, SVC/PICO provided Defendants with multiple studies demonstrating that Glory and Staccato® are the same. | Undisputed as to when SVC/PICO provided results of their in-house, non-peer-reviewed studies. Disputed as to whether these studies showed that Staccato and Glory were the same variety and disputed to the extent that this suggests SVC/PICO or AAFC provided Defendants with data in support |

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

| | |
|---|---|
| **Supporting Evidence:** <br><br> ECF 424 ¶¶ 72-105, 129. | of these alleged studies. |
| 29. On June 25, 2014, Dr. Dhingra told Van Well that he met with Dr. Wiersma and discussed Dr. Wiersma's conclusion that "Glory" and Staccato® are the same, that Dr. Wiersma's DNA testing of "Glory" and Staccato® was more comprehensive than his own, and that he did not have access to sufficient resources and information to reach as comprehensive a result as Dr. Wiersma. <br> **Supporting Evidence:** <br> ECF 424, ¶ 105. | Disputed and irrelevant to this motion. |

LOWE GRAHAM JONES pllc

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

| | |
|---|---|
| 30. Dr. Dhingra told Van Well that, as of June 2014, his DNA studies comparing "Glory" and Staccato® were not as comprehensive as AAFC's studies because he had not used a sequencing based approach. **Supporting Evidence:** ECF 424, ¶ 129. | Disputed and irrelevant to this motion. |
| 31. Prior to June 8, 2017, Pete Van Well 1 twice acknowledged that the Glory tree planted at Goodwin's orchard looked like Staccato®. **Supporting Evidence:** ECF 424, ¶¶ 37-40. | Undisputed and irrelevant. |

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

| | |
|---|---|
| 32. Mr. Ibuki from SVC did not know that, as early as August 2014, Monson had packed Glory fruit grown by others.<br><br>**Supporting Evidence:** ECF 412 (Tr. Vol. I), at 129:16-19 ("Q. Is that because you didn't know that Monson Fruit had been packing Glory since 2014? A. I definitely did not know that they'd been packing since 2014."). | Disputed and not supported. AAFC cites Mr. Ibuki's testimony *before* he was shown an email from 2014 informing him that a grower named Joe Wiggs was taking his Glory to "Monson Fruit in Selah." ECF #412 (Tr. Vol. 1), at 132:15-24. Mr. Ibuki testified he would have seen this email, but "it probably wouldn't have registered in the slightest" that Monson was packing Glory in 2014. *Id.* |
| 33. AAFC did not know that, as early as August 2014, Monson had packed Glory fruit grown by others.<br><br>**Supporting Evidence:** Demmon Decl., ¶ 11. | Disputed, unsupported, and irrelevant. SVC was aware of Monson's involvement with packing Glory for others by August 2014 based on an email from 2014 informing Nick Ibuki that a grower named Joe Wiggs was taking his Glory to "Monson Fruit in Selah." ECF #412 (Tr. Vol. 1), at 132:15- |

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

24. Mr. Ibuki testified he would have seen this email, but "it probably wouldn't have registered in the slightest" that Monson was packing Glory in 2014. *Id.*

Moreover, the Hewitt Paper published in March 2017 (*see supra* at SAF ¶9), and it doesn't matter if AAFC was subjectively unaware because a plaintiff has a duty to investigate. *See Newell v. Inland Publ'ns Inc.*, No. 2:23-CV-00025-SAB, 2024 U.S. Dist. LEXIS 57005, at *7, 2024 WL 1337177 (E.D. Wash. Mar. 28, 2024) (explaining that "constructive knowledge triggers the statute of limitations"). "'The plaintiff is deemed to have had constructive knowledge if it had enough information to warrant an investigation which, if reasonably diligent, would have led to discovery of the [claim].'"

LOWE GRAHAM JONES PLLC

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

| | |
|---|---|
| 34. SVC understood that Van Well Nursery was the only party responsible for propagating and selling Glory trees to growers on behalf of Gordon Goodwin.<br><br>**Supporting Evidence:**<br>Ibuki Decl., ¶5. | Disputed and irrelevant. It doesn't matter if AAFC was subjectively unaware because a plaintiff has a duty to investigate. *See Newell v. Inland Publ'ns Inc.*, No. 2:23-CV-00025-SAB, 2024 U.S. Dist. LEXIS 57005, at *7, 2024 WL 1337177 (E.D. Wash. Mar. 28, 2024) (explaining that "constructive knowledge triggers the statute of limitations"). "'The plaintiff is deemed to have had constructive knowledge if it had enough information to warrant an investigation which, if reasonably diligent, would have led to discovery of the [claim].'" |
| 35. SVC is not an agent of AAFC.<br><br>**Supporting Evidence:**<br>ECF Nos. 42-1, 42-2, 42-3, and 42-4. | Disputed and irrelevant. AAFC had an independent duty to investigate. *See Newell v. Inland Publ'ns Inc.*, No. 2:23-CV-00025-SAB, 2024 U.S. Dist. LEXIS 57005, at *7, 2024 WL 1337177 (E.D. Wash. Mar. 28, 2024) (explaining that "constructive knowledge triggers the statute of limitations"). "'The plaintiff is deemed to have had constructive knowledge if it had enough information to warrant an investigation which, if |

LOWE GRAHAM JONES ᴘʟʟᴄ
1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

|  | reasonably diligent, would have led to discovery of the [claim].'" |
|---|---|

DATED this 12th day of March 2025.

LOWE GRAHAM JONES PLLC

By_____
Mark P. Walters, WSBA No. 30819
Mitchell D. West, WSBA No. 53103
walters@lowegrahamjones.com
west@lowegrahamjones.com
1325 Fourth Avenue, Suite 1130
Seattle, WA 98101
Telephone: (206) 381-3300

Attorneys for Defendant Monson Fruit
Company, Inc.


/s/ Quentin D. Batjer
Quentin D. Batjer, WSBA No. 37951
DAVIS, ARNEIL LAW FIRM, LLP
617 Washington Street
Wenatchee, WA 98801
Tel: (509) 662-3551
quentin@dadkp.com

Attorneys for Defendants Gordan and

DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF
ADDITIONAL FACTS PURSUANT TO LCR 56(c)(1)(A)- 28

LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Sally Goodwin

*/s/ Kent Doll*
Kent N. Doll. Jr., WSBA 40549
KND Law Firm
16201 E Indiana Ave #3270
Spokane Valley, WA 99216
Tel: (509) 315-4219
kdoll@thekndlawfirm.com

Attorneys for Defendants Van Well Nursery, Inc.

LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301

1
2
3
4
5

## <u>CERTIFICATE OF SERVICE</u>

I, Mark P. Walters, attest that I am over the age of 18 and not a party to the action. I

hereby certify that on March 12, 2025, I caused the foregoing document to be served

on all counsel of record using the Court's ECF filing system.

6
7

/s/ Mark P. Walters

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

LOWE GRAHAM JONES℠

1325 Fourth Avenue, Suite 1130
Seattle, Washington 98101
206.381.3300 • F: 206.381.3301