FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 02, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HER MAJESTY THE QUEEN IN RIGHT OF CANADA AS REPRESENTED BY THE MINISTER OF AGRICULTURE AND AGRI-FOOD, a Canadian governmental authority,<br><br>    Plaintiff,<br><br>    v.<br><br>VAN WELL NURSERY, INC., a Washington Corporation, MONSON FRUIT COMPANY, INC., a Washington Corporation, GORDON GOODWIN, an individual, and SALLY GOODWIN, an individual,<br><br>    Defendants. | NO. 2:20-CV-00181-SAB<br><br>**ORDER DENYING MOTION FOR SUMMARY JUDGMENT** |

Before the Court is Defendants' Motion for Judgment as a Matter of Law That Plaintiff's State Law and Lanham Act Claims Are Time-Barred, ECF No. 432. A hearing was held by video on the motion on March 27, 2025. Plaintiff was represented by Jennifer Bennett, Daniel Short, Michelle Fischer, Cary Sullivan, and John O'Donnell. Defendant Van Well Nursery was represented by Kent Doll.

**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 1**

The Goodwin Defendants were represented by Quentin Batjer. Defendant Monson Fruit was represented by Mark Walters.

## Motion Standard

Although Defendants captioned this motion as a Motion for Judgment as a Matter of Law ("JMOL"), their briefing did not set forth any legal standard for the motion. If they had, they may have realized that a JMOL in the case is not authorized by the Federal Rules of Civil Procedure. Instead, it seems Defendants are arguing that the Court should rely on the bench trial proceedings, including stipulated facts, the Court's own Findings of Fact, and the parties' Trial Exhibits and Stipulations to establish certain facts to presumably rule in favor of their statute of limitations and laches defenses. The Federal Rules of Civil Procedure do not provide any authority for the Court to do so.

Fed. R. Civ. P. 50 provides once a party has been fully heard on an issue during a *jury* trial, the court may grant a motion for judgment as a matter of law against the non-moving party only if "there is no legally sufficient evidentiary basis for a reasonable jury to find on that party for that issue." Fed. R. Civ. P. 50(a) (emphasis added); *Ritchie v. United States*, 451 F.3d 1019, 1022-23 (9th Cir. 2006). As the Ninth Circuit explained, "[d]uring a jury trial, the jury—not the judge—is the trier of fact. Because the district judge lacks the authority to resolve disputed issues of fact under those circumstances, judgment as a matter of law is appropriate only if no reasonable jury could find for a party on that claim." *Id.* at 1023. This standard simply does not apply to findings made by the Court during a bench trial.

It is clear Fed. R. Civ. P. 50 is not the proper standard to address Defendants' motion because there has not been a jury trial, and Plaintiff was not given an opportunity to be fully heard on the issues that are being presented in this motion, namely Defendant's statute of limitations and laches defenses.

At the hearing, Defendants cited to Fed. R. Civ. P. 56. Moreover, in

**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 2**

presenting their JMOL, Defendants submitted a Statement of Undisputed Material Facts Pursuant to Local Civil Rule 56(c)(1)(A). In their response, Plaintiff addressed both the JMOL standard as well as standard for Motions for Summary Judgment and was able to argue its motions applying both standards. As such, the Court will review Defendants' motion applying the Fed. R. Civ. P. 56 standard.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is no genuine issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The moving party has the initial burden of showing the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets its initial burden, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248.

In addition to showing there are no questions of material fact, the moving party must also show it is entitled to judgment as a matter of law. *Smith v. Univ. of Wash. Law Sch.*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the non-moving party has the burden of proof. *Celotex*, 477 U.S. at 323. The non-moving party cannot rely on conclusory allegations alone to create an issue of material fact. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993). When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

**Defendants' Motion**

**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 3**

Defendants ask the Court to find that the statute of limitations cut-off dates are May 18, 2017,[1] for the claims for conversion, tortious interference claims and the Lanham Act claims, and May 18, 2016, for the Washington Consumer Protection Act claims.[2] If the Court agrees, these claims would be dismissed because Plaintiff's Complaint was filed on May 18, 2020.

Defendants assert there is no dispute that at least as early as 2012, Plaintiff knew the following: (1) Defendants Van Well and Goodwins claim to have developed and advertised a new cherry variety they called "Glory;" (2) according to Plaintiff's internal scientific studies, Glory was genetically the same as Staccato; and (3) Glory was asexually reproduced by Defendants from cuttings taken from what Plaintiff believed to be a Staccato tree sold by Van Well to the Goodwins by mistake. Defendants also assert that in January 2014, PICO sent a cease and desist letter to Van Well, PICO knew as early as August 12, 2014, that Monson was packing Glory fruit grown by others, and in 2016, PICO sent a notification letter to Glory growers. Based on these undisputed facts, the Court should find that Plaintiff's claims are barred by the statute of limitations.

**Plaintiff's Response**

Plaintiff argues that its claims are timely, or at the minimum, there are genuine issues of material fact that preclude summary judgment on this issue. It asserts that (1) equitable estoppel precludes Defendants' limitation defense; (2) Defendants are not entitled to rely on laches, and (3) Defendants' JMOL motion is improper.

---

[1] The parties agree that a three-year statute of limitation applies to Plaintiff's claims of conversion and tortious interference claims and the claims under the Lanham Act.

[2] The parties agree that a four-year statute of limitation applies to the Washington Consumer Protection Act claim.

**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** ~ 4

# Legal Framework

### 1. State Law Claims

A federal court sitting in diversity applies the substantive law of the state, including the state's statute of limitations. *Nevada Power Co. v. Monsanto Co.*, 955 F.2d 1304, 1306 (9th Cir.1992) ("[F]ederal courts exercising diversity jurisdiction are to use state statutes of limitation."). Federal courts must abide by a state's tolling rules, which are integrally related to statutes of limitations. *Albano v. Shea Homes Ltd. Partnership*, 634 F.3d 524, 530 (9th Cir. 2011).

Under Washington law, the general rule is that a cause of action accrues and the statute of limitations begins to run when a party has the right to apply to a court for relief. *Hudson v. Condon*, 101 Wash.App. 866, 874 (2000). This right to apply for relief arises when the plaintiff can establish each element of the action. *Id.* The discovery rule operates to toll the date of accrual until the plaintiff knows or through the exercise of due diligence, should have known all the facts necessary to establish a legal claim. *Giraud v. Quincy Farm and Chemical*, 102 Wash. App. 443, 108-09 (2000). Unless the facts are susceptible to only one reasonable interpretation, it is up to the jury to determine whether the plaintiff has met this burden. *Id.*

### 2. Lanham Act Claims

The Lanham Act contains no explicit statute of limitations. *Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 836 (9th Cir. 2002). "Laches is an equitable time limitation on a party's right to bring suit." *Boone v. Mech. Specialties Co.*, 609 F.2d 956, 958 (9th Cir. 1979). Laches is a valid defense to Lanham Act claims. *Jarrow Formulas, Inc.*, 304 F.3d at 835. A party asserting laches must show that it suffered prejudice as a result of the plaintiff's unreasonable delay in filing suit. *Id.*

If a Lanham Act claim "is filed within the analogous state limitations period, the strong presumption is that laches is inapplicable; if the claim is filed after the

**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 5**

analogous limitations period has expired, the presumption is that laches is a bar to suit." *Id.* The presumption of laches is triggered if any part of the claimed wrongful conduct occurred beyond the limitations period. *Id.* In determining the presumption for laches, the limitations period runs from the time the plaintiff knew or should have known about its cause of action. *Id.*

### Pretrial Order

In April 2024, the parties filed a Pretrial Order. In it Defendants identified the following Issues of Fact[3]:

> 1. Whether AAFC knew or should have known it had a claim for conversion and/or tortious interference before May 18, 2017; and if so, whether Van Well made false assurances to SVC and/or AAFC regarding Glory and that the statute of limitations should be tolled based on equitable principles.
> 2. Whether AAFC knew or should have known that it had a claim or violation of the Washington Consumer Protection Act before May 18, 2016; and if so, whether Van Well made false assurances to SVC and/or AAFC regarding Glory and that the statute of limitations should be tolled based on equitable principles.

//

---

[3] 1. Plaintiff identified its own statement of the question of fact: 1. Whether AAFC knew or should have known it had a claim for conversion and/or tortious interference before May 18, 2017; and if so, whether Van Well made assurances to SVC and/or AAFC regarding Glory and that AAFC relied on those assurances in choosing when to file this lawsuit.
2. Whether AAFC knew or should have known it had a claim for conversion and/or tortious interference before May 18, 2017; and if so, whether Van Well made assurances to SVC and/or AAFC regarding Glory and that AAFC relied on those assurances in choosing when to file this lawsuit.

**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 6**

## Analysis

As an initial matter, Defendants seemingly agreed previously that there are genuine issues of material fact regarding when the statute of limitations expired, given their representations in the Pretrial Order. Based on the timing of the instant motion, it appears Defendants now believe that new facts were established at the bench trial to show that a reasonable jury could only find that the statute of limitations expired in 2016 or 2017. Defendants' position does not have evidentiary support.

On the contrary, the record demonstrates a reasonable jury could only find Plaintiff's claims against Defendants Van Well and Goodwin did not accrue until, at the earliest, June 8, 2017, when Van Well told SVC, who later told Plaintiff, that Van Well intended to sell the Glory cherries. And this was after Plaintiff and Van Well reached an agreement that Van Well would stop selling Glory.

Similarly, a reasonable jury could only find Plaintiff's claims against Monson could not and did not accrue until May 31, 2018. First, no reasonable jury could find Plaintiff's claims against Monson accrued when SVC allegedly learned that Monson packed Glory fruit for third-party growers. Plaintiff's claims against Monson are not based on the packing of the Glory cherries. Rather, they are based on the planting of the Glory trees, which apparently did not occur until 2016. Even then, there is nothing in the record that shows that Plaintiff knew about the planting. On the contrary, the record indicates it was only in October 2017 that SVC had any inkling Van Well intended to sell Glory trees to Monson for delivery in 2018. And it was only confirmed in late February or early March 2018 by Van Well that Glory trees would be delivered to Monson that Spring. It was not until May 31, 2018, that Monson confirmed with SVC it had planted Glory, and SVC immediately told Plaintiff. A reasonable jury could only find SVC and Plaintiff had no notice of Monson's planting of Glory trees before May 31, 2018, and therefore, the claims against Monson did not begin to accrue until then.

**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 7**

Defendants argue a reasonable jury could find that the statute of limitations began running in 2012, when Plaintiff first conducted a genetic study comparing Glory to Staccato; or in 2013 and 2014, when Plaintiff conducted additional genetic studies; or in January 2014, when PICO sent a cease and desist letter to Van Well; or on January 20, 2016, when SVC sent a notification letter to Glory growers.

None of these dates establish Plaintiff knew or should have known of any specific claim against any particular Defendant, and therefore no reasonable jury could find that the claims began to accrue 2012, 2013, or 2014. These dates came before Van Well represented it was not going to propagate or sell Glory trees until the identity was resolved and before Van Well rescinded its agreement with Gordon Goodwin. The January 20, 2016, letter came after Van Well had already destroyed its Glory trees and rescinded its rights. Moreover, the letter was sent to growers (other than Defendants) requesting they inform SVC how many Glory trees they had and asking that they sign a non-propagation agreement. It is immaterial that the growers were allowed to keep the trees in their orchards.

Here, no reasonable jury could find for Defendants on their defense of laches. Because Plaintiff's claims were filed within the analogous statute of limitations, laches would not serve as a bar to Plaintiff's Lanham Act claims.

## Conclusion

Here, there is no reason to submit to the jury the question of when Plaintiff's claims accrued because a reasonable jury could only reach one conclusion, that is, that Plaintiff's claims are timely. *See Celotex*, 477 U.S. at 323 ("One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses.") As such, Defendants' Motion for Summary Judgment is denied.

//

//

**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 8**

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendants' Motion for Summary Judgment, ECF No. 432, is **DENIED**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and to provide copies to counsel.

**DATED** this 2nd day of April 2025.

*[Signature]*

Stanley A. Bastian
Chief United States District Judge

ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 9