FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 22, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HER MAJESTY THE QUEEN IN RIGHT OF CANADA AS REPRESENTED BY THE MINISTER OF AGRICULTURE AND AGRI-FOOD, a Canadian governmental authority,<br><br>    Plaintiff,<br><br>    v.<br><br>VAN WELL NURSERY, INC., a Washington Corporation, MONSON FRUIT COMPANY, INC., a Washington Corporation, GORDON GOODWIN, an individual, and SALLY GOODWIN, an individual,<br><br>    Defendants. | NO. 2:20-CV-00181-SAB<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** |

Before the Court is Defendants' Motion for Reconsideration, ECF No. 452. The motion was heard without oral argument. Plaintiff is represented by Alyssa Orellana, Jennifer Bennett, Daniel Short, Michelle Fischer, Cary Sullivan, and John O'Donnell. Defendant Van Well Nursery is represented by Kent Doll and

**ORDER DENYING MOTION FOR RECONSIDERATION ~ 1**

Katie Ross and Tim Billick. The Goodwin Defendants are represented by Quentin Batjer and Tim Billick. Defendant Monson Fruit is represented by Mark Walters, Mitchell West and Miles Yanick.

## Motion Standard

Where a final judgment has not been entered, the Court has discretion to reconsider under Rule 54(b), which allows courts to revise "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties ... before the entry of a judgment ...." Fed. R. Civ. P. 54(b); *Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 887 (9th Cir. 2001). Additionally, the Court has inherent common-law authority "to rescind an interlocutory order over which it has jurisdiction." *Id.*

## Defendants' Motion

Defendants argue the Court's Order vacating its previous Order was clearly wrong, manifestly unjust and prejudicial. Defendants maintain the Court overlooked independent grounds of invalidity, the purported new evidence does not justify reconsideration, there is no evidence of fraud or misrepresentation, and, in fact, Exhibit 38 and Kyle Mathison's testimony confirm invalidity. Defendants assert the Court must consider independent grounds for invalidity of the '551 patent that were briefed on summary judgment in 2022.

## Analysis

On January 3, 2022, the Court denied Defendants' Motion for Partial Summary Judgment. ECF No. 160. It found that genuine disputes of material fact preclude summary judgment on the issue of patent invalidity. *Id.* Specifically, the Court noted that Defendants did not produce a single definite example of a commercial sale or offer of Staccato before the critical date. *Id.*

Then, on December 30, 2022, the Court granted Defendants' Motion for Summary Judgment, finding the '551 Patent was commercially sold in 2000 before the critical date. ECF No. 287. The Court relied on Stemilt's business records that

**ORDER DENYING MOTION FOR RECONSIDERATION ~ 2**

showed Stemilt received and packed 22,394 pounds, or 11.2 tons of "STOCATA" in 2000. While Plaintiff argued Staccato would have been packed for the first time by Stemilt in 2000 to see how it would hold up on the packing line, "the business records also demonstrate[d] that in 2000, Stemilt sold 18,2000 pounds of Staccato for $37,683, at $2.0705 per pound." *Id.* The Court relied on Mr. Mathison's deposition testimony because it was corroborated by Stemilt's business records. The Court ultimately agreed with Defendants that the '551 Patent was invalid because it was on sale prior to the critical date.

In its latest Order, the Court found it committed clear error in granting summary judgment on the issue of patent invalidity because the complete Exhibit 38 and Mr. Mathison's trial testimony created genuine issues of material fact regarding whether Stemilt sold Sonata, not Staccato, in 2000. ECF No. 449.

So, in addition to the genuine disputes of material fact identified in the Court's January 3, 2022 Order, the Court found there was now genuine issues of material facts regarding whether Plaintiffs offered Staccato for commercial sale before the '551 Patent's critical date. These genuine issues of material fact preclude the granting of summary judgment. The interests of justice are served by allowing the trier of fact to resolve the genuine issues of material fact surrounding the question of whether the '551 Patent is valid. *Santa Monica Baykeeper*, 254 F.3d at 887 ("In short, the power to grant relief from erroneous interlocutory orders, exercised in justice and good conscience, has long been recognized was within the plenary power of courts until entry of final judgment and is not inconsistent with any of the Rules.") (quotation omitted).

//
//
//
//
//

**ORDER DENYING MOTION FOR RECONSIDERATION ~ 3**

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendants' Motion for Reconsideration, ECF No. 452, is **DENIED**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and to provide copies to counsel.

**DATED** this 22nd day of April 2025.



Stanley A. Bastian
Chief United States District Judge

**ORDER DENYING MOTION FOR RECONSIDERATION ~ 4**