FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 07, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HER MAJESTY THE QUEEN IN RIGHT OF CANADA AS REPRESENTED BY THE MINISTER OF AGRICULTURE AND AGRI-FOOD, a Canadian governmental authority,<br><br>    Plaintiff,<br><br>    v.<br><br>VAN WELL NURSERY, INC., a Washington Corporation, MONSON FRUIT COMPANY, INC., a Washington Corporation, GORDON GOODWIN, an individual, and SALLY GOODWIN, an individual,<br><br>    Defendants. | NO. 2:20-CV-00181-SAB<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** |

Before the Court is Defendants' Motion for Reconsideration, ECF No. 457. The motion was heard without oral argument. Plaintiff is represented by Alyssa Orellana, Jennifer Bennett, Daniel Short, Michelle Fischer, Cary Sullivan, and John O'Donnell. Defendant Van Well Nursery is represented by Kent Doll and

**ORDER DENYING MOTION FOR RECONSIDERATION ~ 1**

Katie Ross and Tim Billick. The Goodwin Defendants are represented by Quentin Batjer and Tim Billick. Defendant Monson Fruit is represented by Mark Walters, Mitchell West and Miles Yanick.

## Motion Standard

Motions for reconsideration are generally governed by Fed R. Civ. P. 59(e) (motion to alter or amend judgment) or Fed. R. Civ. P. 60(b) (motion for relief from judgment). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Multnomah Cty, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993).

The "purpose of summary Judgment is to pierce the pleadings and to assess the proof in order to see whether there is genuine need for trial." *Matsushita Elec. Indus. Col., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted). A court may grant summary judgment *sua sponte* to a nonmoving party, if, drawing all inferences in favor of the moving party, there are no genuine issues of material fact, and the non-moving party is entitled to summary judgment as a matter of law. *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 654 (9th Cir. 2016). Where, as here, Defendants moved for summary judgment, in which they argued there are no genuine issues of material fact for the jury to decide and asked the Court to find in their favor as a matter of law, intuitively the moving party has been given reasonable notice that the sufficiency of their claim will be in issue. Any other conclusion leads to absurd results.

In this case, in reviewing Defendants' Motion for Summary Judgment, in which Defendants argued there were *no* genuine issues of material fact regarding whether Plaintiffs' claims were timely, it became clear to the Court that no reasonable jury, after hearing the evidence presented by Defendants in their motion and viewing that evidence in the light most favorable to Defendants, would

**ORDER DENYING MOTION FOR RECONSIDERATION ~ 2**

conclude that Plaintiffs' claims were untimely.

To the extent the Court erred in finding that AAFC's claims were not based on Monson's packing of Glory in 2014, that finding was not dispositive in the Court's finding that no reasonable jury would find that AAFC could have learned of the packing of Glory through reasonable diligence before May 18, 2017.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendants' Motion for Reconsideration, ECF No. 457, is **DENIED**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and to provide copies to counsel.

**DATED** this 7th day of May 2025.



Stanley A. Bastian
Chief United States District Judge

**ORDER DENYING MOTION FOR RECONSIDERATION ~ 3**